**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **NESTOR ELIZONDO** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AMERICAN MULTI-CINEMA, INC.** | § | |
| **D/B/A AMC THEATRES EDINBURG** | § | |
| **18,** | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §§1332, 1441(a) and (e), and 1446, Defendant American Multi-Cinema, Inc. d/b/a AMC Edinburg 18, incorrectly named d/b/a AMC Theatres Edinburg 18, files this *Notice of Removal* to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following:

**I.
FACTUAL BACKGROUND**

1.      On April 16, 2020, an action was commenced by Plaintiff Nestor Elizondo (Plaintiff) in the 206th Judicial District Court of Hidalgo County, Texas styled *Nestor Elizondo v. American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18*, Cause No. C-1382-20-D. *See* **Exhibit 2.**

3.      On April 30, 2020, Defendant was served with a citation and Plaintiff's Original Petition through its registered agent. *See* **Exhibit 3.**

4.      On May 22, 2020, Defendant filed its Original Answer in the 206th Judicial District Court of Hidalgo County, Texas. ***See*** **Exhibit 4.**

5.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* **Exhibit 2.**

6.     Defendant files this notice of removal within 30 days of receiving service of Plaintiff's pleading.  *See* 28 U.S.C. §1446(b).

7.     Attached hereto are copies of the following documents:

**Exhibit 1:**     Civil Cover Sheet;

**Exhibit 2:**     Plaintiff's Original Petition and Request for Disclosure;

**Exhibit 3:**     Citation and Return of Service for Defendant American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18;

**Exhibit 4:**     Original Answer of Defendant American Multi-Cinema, Inc. d/b/a AMC Edinburg 18;

**Exhibit 5:**     Index of Matters Being Filed;

**Exhibit 6:**     List of Parties and Counsel;

**Exhibit 7:**     Defendant's Corporate Disclosure Statement; and

**Exhibit 8:**     The State Court's Docket Sheet.

## II.
## <u>BASIS FOR REMOVAL</u>

8.     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.     <u>Plaintiff and Defendant Are Diverse</u>**

9.     As set forth in Plaintiff's Original Petition, Plaintiff is a citizen of the State of Texas.  *See* **Exhibit 2** at ¶ 3.1.

10.     At the time the lawsuit was filed, Defendant was and continues to be a Missouri corporation with its primary place of business in Leawood, Kansas.

11.     Complete diversity exists between Plaintiff and Defendant.

**B.** **The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

12.    In Plaintiff's Original Petition, Plaintiff seeks "monetary relief of $100,000,000.00 or less." *See* **Exhibit 2** at ¶ 9.1. Therefore, the amount in controversy exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

13.    Defendant first received notice of this lawsuit on April 30, 2020 when it was served with Plaintiff's Original Petition. *See* **Exhibit 3**. Thus, Defendant files this Notice within the 30-day period required by 28 U.S.C. § 1446(b).

14.    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii)  a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division. *See* **Exhibit 2** at ¶ 5.2 and 6.1.

14.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15.    Promptly after Defendant files this *Notice of Removal*, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

16.    Promptly after Defendant files this *Notice of Removal*, a true and correct copy of same will be filed with the Clerk of the Hidalgo County District Court pursuant to 28 U.S.C. §1446(d).

### IV.
### CONCLUSION

17.    BASED ON THE FOREGOING, Defendant American Multi-Cinema, Inc. d/b/a AMC Edinburg 18, incorrectly named as d/b/a AMC Theatres Edinburg 18, requests that this action be removed from the 206th Judicial district Court of Hidalgo

County, Texas to the United States District Court for the Southern District of Texas,

McAllen Division.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____/s/ Heather H. Phelps_____
      HEATHER H. PHELPS,
      *ATTORNEY IN CHARGE*
      Southern District Bar No. 3554181
      State Bar No. 24042118
      KAITLIN J. CSWAYKUS
      Southern District Bar No. 3352943
      State Bar No. 24094607

      700 N. Pearl Street, 25th Floor
      Dallas, Texas 75201
      Phone: (214) 871-8200
      Fax: (214) 871-8209
      Email:    hphelps@thompsoncoe.com
               kcswaykus@thompsoncoe.com

      ROERIG, OLIVEIRA & FISHER, L.L.P.

      VICTOR V. VICINAIZ
      Southern District Bar No. 10956
      State Bar No. 20562300

      10225 N. Tenth Street
      McAllen, Texas 78504
      Phone: (956) 393-6300
      Fax: (956) 386-1625
      Email:    vvicinaiz@rofllp.com

      **ATTORNEYS FOR DEFENDANT**
      **AMERICAN MULTI-CINEMA, INC. D/B/A**
      **AMC EDINBURG 18**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 1, 2020, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

***Via E-file:***
Richard A. Hinojosa
Hinojosa Law, PLLC
150 W. Parker Road, Suite 201
Houston, Texas 77076
Tel: (713) 884-1663
Fax: (713) 422-2493
richardhinojosa@hinojosalaw.com
e-service@hinojosalaw.com

***Attorneys for Plaintiff***

_____/s/ Heather H. Phelps_____
HEATHER H. PHELPS

# EXHIBIT 1

**CIVIL CASE INFORMATION SHEET**

C-1382-20-D

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: | COURT *(FOR CLERK USE ONLY)*: |

STYLED *Nestor Elizondo v. American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18*
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>Richard A. Hinojosa<br><br>Address:<br>150 W. Parker Rd., Ste. 201<br><br>City/State/Zip:<br>Houston, TX 77076<br><br>Signature:<br>/s/ Richard A. Hinojosa | Email:<br>richardhinojosa@hinojosalaw.com<br><br>Telephone:<br>713-884-1663<br><br>Fax:<br>713-422-2493<br><br>State Bar No:<br>24068885 | Plaintiff(s)/Petitioner(s):<br>Nestor Elizondo<br><br>Defendant(s)/Respondent(s):<br>American Multi-Cinema, Inc. d/b/a<br>AMC Theatres Edinburg 18<br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability: _____<br>☐Motor Vehicle Accident<br>☒Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>_____<br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: _____ | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | | | **Parent-Child Relationship** |
| | | | | ☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

# EXHIBIT 2

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**C-1382-20-D**

CAUSE NO. _____

| | | |
|---|---|---|
| NESTOR ELIZONDO, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| AMERICAN MULTI-CINEMA, INC. D/B/A | § | |
| AMC THEATRES EDINBURG 18, | § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Nestor Elizondo ("Plaintiff") files his Original Petition & Request for Disclosure against American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18, ("Defendant") and would respectfully show this Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

**1.1** Pursuant to Rule 190.1 and Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2.

### II. REQUEST FOR DISCLOSURE

**2.1** Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within **fifty days** of the service of this request.

### III. PARTIES

**3.1** Plaintiff Nestor Elizondo is a resident of Edinburg, Hidalgo County, TX. The last three digits of Plaintiff's social security number are 319.

**3.2** Defendant American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 (hereinafter referred to as "AMC Edinburg 18"), foreign for-profit entity authorized to do business in the State of Texas. Process should be served on Defendant by serving its registered agent, Corporate

4-30-20 at 1:00PM

Ewanshia J. Graham
SCH# 08625
EXP 06/30/2020

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**C-1382-20-D**

Creations Network Inc., at 5444 Westheimer #1000, Houston, TX 77056 or wherever they may be found.

## IV. MISNOMER/ALTER EGO

**4.1**     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## V. VENUE & JURISDICTION

**5.1**     This court has jurisdiction in this cause since the damages to Plaintiff exceed the minimum jurisdictional limits of this Court.

**5.2**     Venue is proper in Hidalgo County, Texas, because it is the county in which all or a substantial part of the events and/or omissions giving rise to the claim occurred.   TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(2) and 15.005.

## VI. FACTS

**6.1**     On or about January 21, 2020 Plaintiff was at AMC Edinburg 18 located at 3003 US-281, Edinburg, TX 78539.   After the movie ended, Plaintiff was walking out of the theater, and into the main lobby area, when he suddenly and violently tripped and fell.   Plaintiff immediately lost consciousness.   When he came to, Plaintiff was in excruciating pain.   He noticed he was bleeding from his head as blood gushed into his eyes.   Plaintiff soon realized he could not move his arms as he attempted to wipe the blood from his eyes.   He then noticed he could not move his legs or hands and feared the worst.   Plaintiff was transported via ambulance to Doctors Renaissance Hospital in Edinburg, TX, where he was told he had suffered a traumatic cervical spinal cord injury, and was paralyzed from the neck down.   Since the incident occurred, Plaintiff has experienced the

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**C-1382-20-D**

unimaginable, undergoing several emergency surgical procedures to keep him alive, and has been told by his doctors that if he survives, he will be a quadripalegic for the rest of his life.

**6.2**     Based on eyewitness testimony, Defendant's employees and managers had actual knowledge and constructive notice of the defective condition, and a reasonable inspection would have uncovered that defective condition prior to the incident. Plaintiff's fall was due to Defendant's negligence and failure to maintain its premises in a safe condition during normal hours of operation.

**6.3**     This was a condition which posed an unreasonable risk of harm. Defendant was grossly negligent in not informing its invitees or posting sufficient signs warning patrons of this clear and unreasonable risk of harm. There was no information given about the dangerous carpet. There was no information given about the dangerous condition between the carpet and tile transition on Defendant's premises, and there were no signs to warn of the dangerous conditions. Nothing Plaintiff did or failed to do in any way contributed to his injuries.

**6.4**     Plaintiff specifically invokes his right to institute against whatever entity was conducting business under the assumed or common names of **"AMC Edinburg 18,"** with regard to the events described in this Petition. Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of these parties substituted at a later time upon the motion of any party or of the Court.

### VII. NEGLIGENCE OF DEFENDANT

**7.1**     Defendant owed a legal duty to Plaintiff. Specifically, Defendant owed a duty to exercise reasonable care in informing its invitees and maintaining its movie theater, property, floors, tile, and carpets in a safe condition during normal hours of operation. Defendant owed a duty to make sure their invitees were informed about the dangerous carpet condition, and the dangerous

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

C-1382-20-D

conditions between the carpet and tile transition in their control and on their premises. Defendant owed a duty to make sure its premises remained safe at all times.

7.2    Defendant breached the duty owed to Plaintiff by failing to properly inform its invitees and properly maintain its movie theater, lobby, property, floors, tile, and carpets in a safe condition. Defendant was negligent on the occasion in question and proximately caused Plaintiff's injuries by:

A.    In failing to inform their invitees and Plaintiff of the dangerous carpet installation, deterioration, and faulty condition;

B.    In failing to inform their invitees and Plaintiff of the carpet and tile transition, which was a dangerous condition;

C.    In failing to monitor the condition of the premises, lobby, property, floors, tile, and the carpets in its movie theater;

D.    In failing to properly train its employees;

E.    In failing to promptly inspect its properties when purchased;

F.    In failing to promptly inspect its premises;

G.    In failing to promptly repair and routinely maintain the condition of the floors, carpets, tile, and transitions in the lobby;

H.    In failing to mark off specific areas as hazardous or dangerous;

I.    In failing to provide proper supervision;

J.    In failing to provide adequate safety procedures;

K.    In failing to provide policies to remedy the issues with the carpet, tile, and transitions, which was a dangerous condition and/or hazard that it knew of, or

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**C-1382-20-D**

in the exercise of ordinary care, should have known was present in its movie theater;

L.      In failing to warn others that dangerous conditions existed;

M.      Choosing not to properly rope off the entire area where the carpet transitioned into the tile into the lobby;

N.      In creating a hazard to others; and

O.      In more particularity to be shown at trial.

**7.3**     Plaintiff did not receive any warnings of the hazardous conditions of their carpets, tile, and transitions prior to the incident, and was without fault. Defendant and their agents, servants and/or employees were responsible for communication of information, the safety, maintenance, condition, securing and inspection of the carpet, tile and transitions.

**7.4**     At the time in question, Defendant controlled the exact property, lobby, floors, tile, carpets, and premises in question where the incident took place. Defendant owed and assumed a duty to provide information and a safe property, lobby, floors, tile, carpets, and premises. The condition of the carpets, tile, and the transitions, and the failure to properly inspect, repair, warn, secure, maintain, and inspect the carpets, tile, and the transitions posed an unreasonable risk of harm of which the Defendant had actual or constructive knowledge. Defendant breached their duty of ordinary care by failing to adequately warn Plaintiff and by failing to make the premises safe from the unreasonable carpets and tile transitions, which was a dangerous condition. The Defendant's failure to exercise reasonable care proximately caused the incident in question and resulting damages.

**7.5**     Each and every act and/or omission of the above, collectively and/or singularly, were a proximate cause of the incident in question and the resulting injuries to Plaintiff.

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

C-1382-20-D

## VIII. <u>PREMISES LIABILITY</u>

**8.1**     It has become necessary to bring this lawsuit by reason of injuries and damages
suffered by Plaintiff on January 21, 2020, while on the premises owned, operated and/or maintained
by Defendant, located at 3003 US-281, Edinburg, TX 78539. Plaintiff would show that on or about
that date, he was an invitee on the premises when suddenly and without warning Plaintiff was injured
due to the defective carpet, and tile transitions, which was a dangerous condition existing on
Defendant's premises, causing Plaintiff serious permanent and painful bodily injuries. Defendant
requested, allowed, permitted and encouraged Plaintiff to enter onto the premises. Consequently,
Plaintiff was an invitee whom Defendant owed a duty to use ordinary care, including the duty to
inspect, protect and guard Plaintiff from the unreasonable defective carpet, and tile transitions, which
was a dangerous condition existing on its premises or to warn him of its existence. Plaintiff was
exercising ordinary care when he was suddenly and unexpectedly injured. Plaintiff was seriously
injured due to the defective carpet, and tile transitions, which was a dangerous condition and/or
hazard existing on the premises which Defendant, its agents, servants, and employees knew or should
have known existed caused by Defendant. As a result of the aforesaid dangerous condition, Plaintiff
sustained severe and permanent injuries. Plaintiff would show that nothing he did nor failed to do
caused, or in any way contributed to cause, the occurrence in question. Further, Plaintiff would
respectfully show unto this Honorable Court and Jury that the Defendant failed to perform the
above-stated duties and, therefore, was negligent as that term is understood under the laws of the
State of Texas in one or more of the following respects:

(1)     in failing to inspect and/or continually have the premises inspected for dangerous
conditions and/or hazards located on the premises;

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**C-1382-20-D**

(2)      in failing to remedy the dangerous condition of the defective carpet, and tile transitions, which was a dangerous condition and/or hazard that it knew of, or in the exercise of ordinary care, should have known was present on its premises;

(3)      in failing to warn persons similarly situated to Plaintiff, including Plaintiff, of the dangerous condition of the defective carpet, and tile transitions, which was a dangerous condition and/or hazard located on said premises; and

(4)      in more particularity to be shown at trial.

Each and all of the above and foregoing acts on the part of the Defendant, both of omission and commission, were negligent and constituted negligence and negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff.

**8.2**     In the alternative, without waiving the foregoing, Plaintiff would show that he was a licensee on the premises in question occupied and/or controlled by Defendant.  Defendant knew of its unreasonable defective carpet, and tile transitions, existing on their premises, which posed an unreasonable risk of harm to the general public, including Plaintiff Nestor Elizondo, but failed to make safe or adequately warn him of the condition.   Plaintiff was without knowledge of the dangerous conditions of the defective carpet, and tile transitions, which was a dangerous condition of the premises prior to the incident in question.

## IX. TOTAL DAMAGES

**9.1**     As a result of the incident made the basis of this lawsuit, Plaintiff at this time is seeking monetary relief of $100,000,000.00 or less, at this time and a demand for judgment for all other relief to which the Plaintiff is entitled; however, Plaintiff reserves the right to file an amended pleading on this issue.

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**C-1382-20-D**

## X. DAMAGES

**10.1**   Plaintiff Nestor Elizondo has suffered damages in the form of physical pain and injury, mental and emotional anguish, pain and suffering in the past, pain and suffering in the future, past and future earning capacity and economic loss, past and future physical impairment, disfigurement and past and future lost wages.  Plaintiff sustained reasonable and necessary past and future medical bills and expenses, and he will, in all reasonable probability, continue to sustain such legal elements of damages in the future beyond the date of the trial of this cause.

**10.2**   Therefore, Plaintiff maintains this suit against Defendants for each of his foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of the trier of fact or jury.

## XI. PUNITIVE/EXEMPLARY DAMAGES

**11.1**   Plaintiff hereby sues the Defendant for punitive/exemplary damages.  The facts and circumstances of this case allows the Court and jury to award the Plaintiff punitive/exemplary damages in that Defendant is guilty of malice and gross negligence.  The determination of the amount of punitive/exemplary damages is left up to the discretion of the Court and jury in this case.

## XII. GROSS NEGLIGENCE AGAINST DEFENDANT

**12.1**   Plaintiff would further show that Defendant was grossly negligent, as that term is defined and applied under Texas law.  Specifically, Plaintiff would show that the negligent acts and/or omissions of Defendant, as set forth above, constitute acts or omissions:

a.      which, when viewed objectively from the standpoint of Defendant, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and/or others; and

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**C-1382-20-D**

b.    of which Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff and/or other.

**12.2**    Such gross negligence was a proximate cause of the incident made the basis of this lawsuit and the injuries and damages sustained by Plaintiff.

## XIII. **PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

**13.1**    In addition to the above mentioned and foregoing allegations, Plaintiff further pleads that he is entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIV. **COURT COSTS**

**14.1**    Plaintiff further seeks recovery of the costs of court incurred in the filing and pendency of this action.

## XV. **PRESERVING EVIDENCE**

**15.1**    Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**C-1382-20-D**

## XVI. <u>NOTICE OF AUTHENTICATION OF DOCUMENTS</u>

**16.1**    Plaintiff hereby provides actual notice to Defendant and other parties that Plaintiff will use any or every document produced by any and all other parties in response to written discovery and discovery in a pretrial proceeding or at trial.

**16.2**    Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendant's production of a document in response to written discovery authenticates that document for use against Defendant unless – within ten days or a longer or shorter time ordered by this Court – Defendant objects to the authenticity of the document, or any part of it, stating the specific basis for his objection.  An objection must be either on the record or in writing and must have a good faith factual and legal basis.  An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## XVII. <u>ALTERNATIVE PARAGRAPH NO. 1</u>

**17.1**    In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## XVIII. <u>ALTERNATIVE PARAGRAPH NO. 2</u>

**18.1**    In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff Nestor Elizondo requests that Defendant be cited to appear and answer herein, that upon final trial and other hearing of this cause, Plaintiff recover damages from Defendant, jointly and severally, in accordance with the evidence,

Electronically Filed
4/16/2020 5:26 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**C-1382-20-D**

and as the jury deem them deserving, that Plaintiff recover costs of court herein expended, that

Plaintiff recover interest to which he is justly entitled under the law, both pre-judgment and

post-judgment interest from the date of the entry until paid, and for such other further relief, both

general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**HINOJOSA LAW, PLLC**

By: /s/ Richard A. Hinojosa
    Richard A. Hinojosa
    State Bar No. 24068885
    150 W. Parker Rd., Ste. 201
    Houston TX 77076
    (713) 884-1663 Telephone
    (713) 422-2493 Facsimile
    richardhinojosa@hinojosalaw.com
    e-service@hinojosalaw.com
    **Attorney for Plaintiff**

APR 3 0 2020

# EXHIBIT 3



**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

American Multi-Cinema, Inc.                                          May 01, 2020
Gail McClenton Legal Administrator
AMC - American Multi-Cinema, Inc.
11500 Ash Street
Leawood KS 66211

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2020-113

| 1. | **Entity Served:**<br>**Entity Served If Different:** | American Multi-Cinema, Inc.<br>American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 |
|---|---|---|
| 2. | **Title of Action:** | Nestor Elizondo vs. American Multi-Cinema, Inc. D/B/A AMC Theatres Edinburg 18 |
| 3. | **Document(s) Served:** | Citation<br>Officer's Return<br>Plaintiff's Original Petition and Request for Disclosure |
| 4. | **Court/Agency:** | Hidalgo County 206th District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | C-1382-20-D |
| 7. | **Case Type:** | Premises Liability |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 04/30/2020 |
| 10. | **Date to Client:** | Friday 05/01/2020 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes     **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Richard A. Hinojosa<br>Houston, TX<br>713-884-1663 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**C-1382-20-D**
**206TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18**
**5444 Westheimer #1000**
**Houston TX 77056**
**Or wherever they may be found**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rose G. Reyna, 206th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 16th day of April, 2020 and a copy of same accompanies this citation. The file number and style of said suit being C-1382-20-D, **NESTOR ELIZONDO VS. AMERICAN MULTI-CINEMA, INC. D/B/A AMC THEATRES EDINBURG 18**

Said Petition was filed in said court by Attorney RICHARD A. HINOJOSA, 150 W PARKER RD STE 605 HOUSTON TX 77076.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 20th day of April, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**ADRIANA GARCIA, DEPUTY CLERK**

**C-1382-20-D**
**OFFICER'S RETURN**

Came to hand on \_\_\_\_\_ of _____, 202\_\_\_\_ at \_\_\_\_\_ o'clock \_\_\_\_.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
         miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the \_\_\_\_\_ day of _____, 202\_\_\_.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

# EXHIBIT 4

## CAUSE NO. C-1382-20-D

| | | |
|---|---|---|
| NESTOR ELIZONDO, | § | IN THE DISTRICT COURT |
|    Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 206TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| AMERICAN MULTI-CINEMA, INC. | § | |
| D/B/A AMC THEATRES EDINBURG 18, | § | |
|    Defendant. | § | HIDALGO COUNTY, TEXAS |

### DEFENDANT AMERICAN MULTI-CINEMA, INC. D/B/A AMC EDINBURG 18'S ORIGINAL ANSWER

Defendant AMERICAN MULTI-CINEMA, INC. D/B/A AMC EDINBURG 18 files its Original Answer and would show the Court as follows:

### GENERAL DENIAL
### I.

Defendant generally denies the allegations contained in Plaintiff's petition and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the State of Texas.

### PRAYER
### II.

BASED ON THE FOREGOING Defendant AMERICAN MULTI-CINEMA, INC. D/B/A AMC EDINBURG 18 prays that Plaintiff take nothing by his suit, for the recovery of its costs in defending this suit, and for such further relief to which it is justly entitled.

Electronically Filed
5/22/2020 4:23 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Heather H. Phelps*
      Heather H. Phelps
      State Bar No. 24042118
      Kaitlin Cswaykus
      State Bar No. 24094607

700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Fax: (214) 871-8209
E-Mail:  hphelps@thompsoncoe.com
E-Mail:  kcswaykus@thompsoncoe.com

ROERIG, OLIVEIRA & FISHER, L.L.P.

Victor V. Vicinaiz
State Bar No. 20562300

10225 N. Tenth Street
McAllen, Texas 78504
Telephone:  (956) 393-6300 - phone
Fax:  (956) 386-1625
vvicinaiz@rofllp.com

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

      This is to certify that the foregoing document was electronically filed on May 22, 2020, with the Clerk of the Court using the electronic filing system and that the electronic filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document:

Richard A. Hinojosa
Hinojosa Law, PLLC
150 W. Parker Road, Suite 201
Houston, Texas  77076

                        */s/ Heather Phelps*
                        Heather H. Phelps
                        Kaitlin Cswaykus

## Proof of Submission

Submission ID: 43186573
Submission Date and Time: 05/22/20 01:23 PM CDST

filetime

### Case Information

| | |
|---|---|
| Case Title: Nestor Elizondo VS. American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 | Client ID: 03800.041 |
| Jurisdiction: Hidalgo County - 206th District Court | Cause No: C-1382-20-D |
| Case Category: Civil - Injury or Damage | Attorney: Leticia Aguilar |
| Case Type: Other Injury or Damage | Filer: Elva Jasso |
| | Payment Account: FileTime Platinum Card |

### Case Parties

| Party Type | Name | Our Client |
|---|---|---|
| Plaintiff | Nestor Elizondo | No |
| Defendant | American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 | Yes |

### Filings

Filing Type: eFile & eServe

| Filing | Documents | | |
|---|---|---|---|
| | **Document** | **Type** | **Security** |
| Answer/Response | Original Answer-AMC - Elizondo.pdf | Lead Document | Does not contain sensitive data |

Filing Comments:

### Service Contacts

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Heather Phelps | Thompson Coe Cousins & Irons LLP | American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 | hphelps@thompsoncoe.com |
| Kaitlin Cswaykus | Thompson Coe Cousins & Irons LLP | American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 | kcswaykus@thompsoncoe.com |
| Elva Jasso | Thompson Coe Cousins & Irons LLP | American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 | ejasso@thompsoncoe.com |
| Victoria Borunda | Thompson Coe Cousins & Irons LLP | American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 | vborunda@thompsoncoe.com |

### Service Recipients

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Richard Hinojosa | | Nestor Elizondo | richardhinojosa@hinojosalaw.com |
| Roxanne Hinojosa | | Nestor Elizondo | roxannehinojosa@hinojosalaw.com |
| Melissa Brown | | Nestor Elizondo | mbrown@hinojosalaw.com |
| Alexandra Thomas | | Nestor Elizondo | athomas@hinojosalaw.com |
| Francisco Sanchez | | Nestor Elizondo | psanchez@hinojosalaw.com |
| Richard Hinojosa | | N/A | e-service@hinojosalaw.com |
| Victor Vincent Vicinaiz | Tyler Public List | American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 | wicinaiz@rofllp.com |

### Fees Breakdown

**Court Fees**

**Answer/Response**

| | |
|---|---|
| Filing Fee | $0.00 |
| Total Fee For This Filing | $0.00 |

**Submission Fees**

| | |
|---|---|
| eFiling Manager Convenience Fee | $0.12 |
| FileTime Service Fee | $3.99 |
| Sales Tax on FileTime Fee | $0.33 |
| Total Submission Fees | $4.44 |
| Total Fees for this Submission | $4.44 |

### Credit Card Information Breakdown

Your credit card statement will show:
Pleading

| | |
|---|---|
| Jurisdiction (**TXEFILE**) | $0.00 |
| eFiling Manager (**Tyler (TX)file Conv Fee**) | $4.44 |

### Notes

The above fees are **estimates only** and are subject to change after clerk review. You **should not use this page for billing purposes.** Your firm eFiling Administrator should run a billing report under **Admin > Reports.**

© 2020 FileTime. All rights reserved.

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **NESTOR ELIZONDO** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AMERICAN MULTI-CINEMA, INC.** | § | |
| **D/B/A AMC THEATRES EDINBURG** | § | |
| **18,** | § | |
| | § | |
| *Defendant.* | § | |

---

## INDEX OF MATTERS BEING FILED

---

Pursuant to Local Rule 81, an index of matters being filed along with Defendant's Notice of Removal is as follows:

**Exhibit 1:**   Civil Cover Sheet;

**Exhibit 2:**   Plaintiff's Original Petition and Request for Disclosure;

**Exhibit 3:**   Citation and Return of Service for Defendant American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18;

**Exhibit 4:**   Original Answer of Defendant American Multi-Cinema, Inc. d/b/a AMC Edinburg 18;

**Exhibit 5:**   Index of Matters Being Filed;

**Exhibit 6:**   List of Parties and Counsel;

**Exhibit 7:**   Defendant's Corporate Disclosure Statement; and

**Exhibit 8:**   The State Court's Docket Sheet.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____/s/ *Heather H. Phelps*_____
    HEATHER H. PHELPS,
    *ATTORNEY IN CHARGE*
    Southern District Bar No. 3554184
    State Bar No. 24042118
    KAITLIN J. CSWAYKUS
    Southern District Bar No. 3352943
    State Bar No. 24094607

    700 N. Pearl Street, 25th Floor
    Dallas, Texas 75201
    Phone: (214) 871-8200
    Fax: (214) 871-8209
    Email:   hphelps@thompsoncoe.com
            kcswaykus@thompsoncoe.com

    ROERIG, OLIVEIRA & FISHER, L.L.P.

    VICTOR V. VICINAIZ
    Southern District Bar No. 10956
    State Bar No. 20562300

    10225 N. Tenth Street
    McAllen, Texas 78504
    Phone: (956) 393-6300
    Fax: (956) 386-1625
    Email:   vvicinaiz@rofllp.com

**ATTORNEYS FOR DEFENDANT AMERICAN MULTI-CINEMA, INC. D/B/A AMC EDINBURG 18**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 1, 2020, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

***Via E-file:***
Richard A. Hinojosa
Hinojosa Law, PLLC
150 W. Parker Road, Suite 201
Houston, Texas 77076
Tel: (713) 884-1663
Fax: (713) 422-2493
richardhinojosa@hinojosalaw.com
e-service@hinojosalaw.com

***Attorney for Plaintiff***


_____/s/ *Heather H. Phelps*_____
HEATHER H. PHELPS

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **NESTOR ELIZONDO** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AMERICAN MULTI-CINEMA, INC.** | § | |
| **D/B/A AMC THEATRES EDINBURG** | § | |
| **18,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT AMERICAN MULTI-CINEMA, INC. D/B/A AMC EDINBURG 18'S LIST OF PARTIES AND COUNSEL

Pursuant to Local Rule 81, the following are the parties and counsel in the above-captioned matter:

1. Plaintiff: Nestor Elizondo

2. Defendant: American Multi-Cinema, Inc. d/b/a AMC Edinburg 18 (incorrectly named as d/b/a AMC Theatres Edinburg 18)

3. Plaintiff's Counsel:    Richard A. Hinojosa
   Hinojosa Law, PLLC
   150 W. Parker Road, Suite 201
   Houston, Texas 77076
   Tel: (713) 884-1663
   Fax: (713) 422-2493
   richardhinojosa@hinojosalaw.com
   e-service@hinojosalaw.com

4. Defendant's Counsel:    Heather H. Phelps, *Attorney in Charge*
   Kaitlin J. Cswaykus
   Thompson, Coe, Cousins & Irons, LLP
   700 N. Pearl Street, 25th Floor
   Dallas, Texas 75201
   Phone: (214) 871-8200
   Fax: (214) 871-8209
   hphelps@thompsoncoe.com
   kcswaykus@thompsoncoe.com

   AND

Victor V. Vicinaiz
Roerig, Oliveira & Fisher, LLP
10225 N. Tenth Street
McAllen, Texas 78504
Phone: (956) 393-6300
Fax: (956) 386-1625
vvicinaiz@rofllp.com


Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____ /s/ *Heather H. Phelps* _____
     HEATHER H. PHELPS,
     *ATTORNEY IN CHARGE*
     Southern District Bar No. 3554184
     State Bar No. 24042118
     KAITLIN J. CSWAYKUS
     Southern District Bar No. 3352943
     State Bar No. 24094607

     700 N. Pearl Street, 25th Floor
     Dallas, Texas 75201
     Phone: (214) 871-8200
     Fax: (214) 871-8209
     Email:   hphelps@thompsoncoe.com
              kcswaykus@thompsoncoe.com

     ROERIG, OLIVEIRA & FISHER, L.L.P.

     VICTOR V. VICINAIZ
     Southern District Bar No. 10956
     State Bar No. 20562300

     10225 N. Tenth Street
     McAllen, Texas 78504
     Phone: (956) 393-6300
     Fax: (956) 386-1625
     Email:   vvicinaiz@rofllp.com

**ATTORNEYS FOR DEFENDANT**
**AMERICAN MULTI-CINEMA, INC. D/B/A**
**AMC EDINBURG 18**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 1, 2020, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

***<u>Via E-file:</u>***
Richard A. Hinojosa
Hinojosa Law, PLLC
150 W. Parker Road, Suite 201
Houston, Texas 77076
Tel: (713) 884-1663
Fax: (713) 422-2493
<u>richardhinojosa@hinojosalaw.com</u>
<u>e-service@hinojosalaw.com</u>

***Attorney for Plaintiff***

_____/s/ Heather H. Phelps_____
HEATHER H. PHELPS

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **NESTOR ELIZONDO** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AMERICAN MULTI-CINEMA, INC.** | § | |
| **D/B/A AMC THEATRES EDINBURG** | § | |
| **18,** | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT AMERICAN MULTI-CINEMA, INC. D/B/A AMC EDINBURG 18'S
CORPORATE DISCLOSURE STATEMENT**

---

Pursuant to FED. R. CIV. P. 7.1, which states:

> A nongovernmental corporate party to an action or proceeding in a district court must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation,

**DEFENDANT AMERICAN MULTI-CINEMA, INC. D/B/A AMC EDINBURG 18,**

incorrectly named as d/b/a AMC Theatres Edinburg 18 makes the following disclosure:

1. Is party a publicly held corporation or other publicly held entity?

   (Check one)        ☐ YES        ☒ NO

2. Does party have any parent corporations?

   (Check one)        ☒ YES        ☐ NO

3. Is 10% or more of the stock of party owned by a publicly held corporation or other publicly held entity?

   (Check one)        ☒ YES        ☐ NO

   If YES, identify all such owners: **AMC Entertainment Holdings, Inc.**

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?

    (Check one)      ☐ YES        ☒ NO

If YES, identify entity and nature of interest: **N/A**

5.  Is party a trade association?

    (Check one)      ☐ YES        ☒ NO

If YES, identify all members of the association, their parent corporations, and any publicly held companies that own 10% or more of a member's stock: **N/A**

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: ____/s/ *Heather H. Phelps*_____
      HEATHER H. PHELPS,
      *ATTORNEY IN CHARGE*
      Southern District Bar No. 3554184
      State Bar No. 24042118
      KAITLIN J. CSWAYKUS
      Southern District Bar No. 3352943
      State Bar No. 24094607

      700 N. Pearl Street, 25th Floor
      Dallas, Texas 75201
      Phone: (214) 871-8200
      Fax: (214) 871-8209
      Email:   hphelps@thompsoncoe.com
               kcswaykus@thompsoncoe.com

      ROERIG, OLIVEIRA & FISHER, L.L.P.

      VICTOR V. VICINAIZ
      Southern District Bar No. 10956
      State Bar No. 20562300

      10225 N. Tenth Street
      McAllen, Texas 78504
      Phone: (956) 393-6300
      Fax: (956) 386-1625
      Email:   vvicinaiz@rofllp.com

**ATTORNEYS FOR DEFENDANT AMERICAN MULTI-CINEMA, INC. D/B/A AMC EDINBURG 18**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2020, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

***Via E-file:***
Richard A. Hinojosa
Hinojosa Law, PLLC
150 W. Parker Road, Suite 201
Houston, Texas 77076
Tel: (713) 884-1663
Fax: (713) 422-2493
richardhinojosa@hinojosalaw.com
e-service@hinojosalaw.com

***Attorney for Plaintiff***

_____/s/ *Heather H. Phelps*_____
HEATHER H. PHELPS

# EXHIBIT 8

Register of Actions
Case No. C-1382-20-D

| Nestor Elizondo VS. American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 | § § § § § | Case Type: | Injury or Damage - Other (OCA) |
|---|---|---|---|
| | | Date Filed: | 04/16/2020 |
| | | Location: | 206th District Court |

Party Information

| | | Attorneys |
|---|---|---|
| **Defendant** | **American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18** | **Heather H. Sauter** *Retained* 214-871-8200(W) |
| **Plaintiff** | **Elizondo, Nestor** | **Richard A. Hinojosa** *Retained* 713-884-1663(W) |

Events & Orders of the Court

**OTHER EVENTS AND HEARINGS**

| 04/16/2020 | Plaintiff's Original Petition (OCA) *& REQUEST FOR DISCLOSURE* |
|---|---|
| 04/21/2020 | Citation American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18    Unserved |
| 04/21/2020 | Citation Issued |
| 05/22/2020 | Answer |
| 07/21/2020 | Tickler  (5:30 PM) (Judicial Officer Reyna, Rose G.) *REVIEW FILE* |

Financial Information

| | **Plaintiff Elizondo, Nestor** | | |
|---|---|---|---|
| | **Total Financial Assessment** | | 320.00 |
| | **Total Payments and Credits** | | 320.00 |
| | **Balance Due as of 06/01/2020** | | **0.00** |
| 04/17/2020 | Transaction Assessment | | 320.00 |
| 04/17/2020 | EFile Payments from TexFile | Receipt # DC-2020-006048       Elizondo, Nestor | (320.00) |